HAMPTON ANDRUSS, Executor of his own wrong, of ALCHE ANDRUSS, Appellant *against* THOS. P. STEWART, Appellee.

An appeal bond executed by a minor, (against whom a judgment has been rendered,) and by a substantial freeholder, is sufficient to sustain an appeal, although the guardian who was appointed by the justice's court to defend the suit, did not join in the bond.

---

*Ryerson* on behalf of Andruss, the appellant, moved for a peremptory mandamus to be directed to the Court of Common Pleas of Warren county, to compel them to reinstate an appeal. He founded his application upon a statement of facts agreed upon by the parties, in the following words: "It is agreed between the parties that the appeal was dismissed by the Court of Common Pleas, upon the ground that the appeal bond was executed by Hampton Andruss, a minor,

The State *v.* Prall.

who appeared before the justice, and defended the suit by Joseph Andruss, his guardian, appointed by the court. It is admitted that the said bond was also executed by Wilson Hunt, a responsible freeholder of the county of Warren, as surety. It is further agreed between the parties to this appeal, that application may be made to the next term of the Supreme Court, without further notice, for a mandamus. And if the said Supreme Court shall be of opinion that the Court of Common Pleas erred in their decision, that a peremptory mandamus issue to restore the said appeal."

*Vroom,* contra.

CH. JUSTICE.—The question is, whether the bond is a substantial compliance with the law. We think it is; for although the infant may not be bound, competent security is given to the appellee—and if with such a bond the appeal be not allowed, the infant may be prevented from appealing altogether, for the guardian is not obliged and may be unwilling to enter into the appeal bond, and thereby render himself liable for the payment of the sum recovered and costs.

Peremptory mandamus ordered.